DECISION AND JUDGMENT ENTRY
{¶ 1} Jeremie Nutt ("Appellant") appeals the judgment of the Ross County Court of Common Pleas finding him guilty of burglary in violation of R.C. 2911.12. The Appellant contends that his conviction was against the manifest weight of the evidence and that the trial court erred when it gave the jury an improper supplemental instruction. Because we determine that the State of Ohio ("Appellee") presented substantial evidence upon which *Page 2 
the jury could reasonably conclude that all essential elements of burglary had been established beyond a reasonable doubt, and because the Appellant waived any claim of error relative to the instruction in question, we affirm the judgment of the trial court.
 {¶ 2} On the evening of April 19, 2006, Ray Keller interrupted a robbery in progress at his home. Mr. Keller encountered two men stealing his guns from his home. When he confronted the men, they fled from the scene. One individual fled in a car, and the other on an all-terrain vehicle. Mr. Keller recognized one of the men as the Appellant, as he had been a student in Mr. Keller's class some years earlier. Mr. Keller informed the police of the burglary, and an officer came out to the scene and inspected his home.
 {¶ 3} The next day, Mr. Keller went to a local store named Gibson's where he saw the Appellant and Bradley Steele eating. While at Gibson's, Mr. Keller confronted the Appellant, asking where he had been the evening before. At this point, the Appellant became very agitated and left the store. After encountering the Appellant and Mr. Steele at Gibson's, Mr. Keller drove to the Appellant's mother's house, where he saw in the driveway the same car that had fled from his residence the night before. Mr. Keller also saw the Appellant sitting with Mr. Steele on the front porch at the residence. *Page 3 
 {¶ 4} Later that day, Mr. Keller went to the police station, where he related to officials a statement of what had taken place and viewed a photo line-up. Mr. Keller identified the Appellant and Bradley Steele from the photo line-up as the individuals who had broken into his home and stolen his property the night before.
 {¶ 5} On May 5, 2006, the Appellant was indicted on a charge of burglary in violation of R.C. 2911.12. He was arraigned on June 5, 2006. A trial on the matter took place on September 11 and 12, 2006. The jury found the Appellant guilty of burglary, and he was sentenced to a term of six years in prison. The Appellant presently appeals his conviction, asserting the following assignments of error:
 {¶ 6} 1. APPELLANT'S CONVICTION IS AGAINST THE MANIFEST WEIGHT OF THE EVIDENCE.
 {¶ 7} 2. THE TRIAL COURT ERRED IN ITS SUPPLEMENTAL INSTRUCTION TO THE JURY FOLLOWING INDICATION BY THE JURY THAT IT COULD NOT REACH A UNANIMOUS VERDICT.
 {¶ 8} In his first assignment of error, the Appellant argues that the trial court's judgment is against the manifest weight of the evidence. When considering an appellant's claim that a conviction is against the manifest weight of the evidence, our role is to determine whether the evidence produced at trial "attains the high degree of probative force and certainty *Page 4 
required of a criminal conviction." State v. Getsy (1998),84 Ohio St.3d 180, 193, 702 N.E.2d 866. The reviewing court must dutifully examine the entire record, weighing the evidence and considering the credibility of witnesses, keeping in mind that credibility generally is an issue for the trier of fact to resolve. State v. Thomas (1982), 70 Ohio St.2d 79,80, 434 N.E.2d 1356; State v. DeHass (1967), 10 Ohio St.2d 230,227 N.E.2d 212, paragraph one of the syllabus. The reviewing court may reverse the conviction if it appears that the fact finder, in resolving evidentiary conflicts, "clearly lost its way and created such a manifest miscarriage of justice that the conviction must be reversed and a new trial ordered." State v. Thomphns (1997), 78 Ohio St.3d 380, 387,678 N.E.2d 541. On the other hand, we will not reverse a conviction if the state presented substantial evidence upon which the trier of fact could reasonably conclude that all essential elements of the offense had been established beyond a reasonable doubt. State v. Eley (1978),56 Ohio St.2d 169, 383 N.E.2d 132, syllabus.
 {¶ 9} Having thoroughly reviewed the evidence presented, we find that the Appellee has presented substantial evidence upon which the jury could reasonably conclude that the Appellant trespassed in Mr. Keller's home with the purpose to commit a criminal offense therein. Thus, we do not find that *Page 5 
the Appellant's conviction was against the manifest weight of the evidence. The Appellant's first assignment of error is, therefore, without merit.
 {¶ 10} In his second assignment of error, the Appellant argues that the trial court erred when it gave a supplemental instruction to the jury after the jury indicated it could not reach a unanimous verdict. We initially note that Appellant did not object to the court's jury instructions. The failure to object to a jury instruction waives any claim of error relative to that instruction unless, but for the error, the outcome of the trial clearly would have been otherwise. State v.Barrett, Scioto App. No. 03CA2889, 2004-Ohio-2064; citing State v.Noling (2002), 98 Ohio St.3d 44, 2002-Ohio-7044, 781 N.E.2d 88.
 {¶ 11} In State v. Howard (1989), 42 Ohio St.3d 18, 537 N.E.2d 188, the Supreme Court of Ohio approved a supplemental charge to be given to juries that have become deadlocked on the question of conviction or acquittal. The Howard charge states:
 "The principal mode, provided by our Constitution and laws, for deciding questions of fact in criminal cases, is by jury verdict. In a large proportion of cases, absolute certainty cannot be attained or expected. Although the verdict must reflect the verdict of each individual juror and not mere acquiescence in the conclusion of your fellows, each question submitted to you should be examined with proper regard and deference to the opinions of others. You should consider it desirable that the case be decided. You are selected in the same manner, and from the same source, as any future jury would be. There is no reason to believe the case will ever be submitted to a jury more capable, impartial, or *Page 6 
intelligent than this one. Likewise, there is no reason to believe that more or clearer evidence will be produced by either side. It is your duty to decide the case, if you can conscientiously do so. You should listen to one another's arguments with a disposition to be persuaded. Do not hesitate to reexamine your views and change your position if you are convinced it is erroneous. If there is disagreement, all jurors should reexamine their positions, given that a unanimous verdict has not been reached. Jurors for acquittal should consider whether their doubt is reasonable, considering that it is not shared by others, equally honest, who have heard the same evidence, with the same desire to arrive at the truth, and under the same oath. Likewise, jurors for conviction should ask themselves whether they might not reasonably doubt the correctness of a judgment not concurred in by all other jurors."
 {¶ 12} The Appellant argues that the trial court acted coercively by providing the Howard charge after approximately two hours of jury deliberations and by failing to give the third paragraph of the Howard charge, otherwise known as the Martens charge, as stated in State v.Martens (1993), 90 Ohio App.3d 338, 629 N.E.2d 462. This Court has previously acknowledged that the better practice is to give the preciseHoward instruction as approved by the Supreme Court of Ohio. SeeBarrett, supra; See, also, State v. Mulhern, Vinton App. No. 02CA565, 2002-Ohio-5982; citing State v. Lopez (1993), 90 Ohio App.3d 566, 582,630 N.E.2d 32; State v. Willis (Jul. 29, 1996), Stark App. No. 95CA202. However, as aptly noted by the Eighth District Court of Appeals, theHoward charge is not an absolute mandate for trial courts to follow, but rather a suggestion. State v. Williams (Jul. 5, 1995), Cuyahoga App. No. 66864, 1995 WL 396369. If a *Page 7 
court deviates from the Howard language, the court must ensure that the charge satisfies the concerns of the Howard opinion. In particular, a court must ensure that the instruction (1) encourages a unanimous verdict only when one can conscientiously be reached, leaving open the possibility of a hung jury and resulting mistrial; and (2) calls for all jurors to reevaluate their opinions, not just the minority members. Id.; See, also, State v. Maty as, Jefferson App. No. 98-JE-14, 2000-Ohio-2671; State v. McClendon (Jan. 20, 1998), Stark App. No. 97CA71, 1998 WL 518524; State v. Dixon (Mar. 13, 1997), Cuyahoga App. No. 68338, 1997 WL 113756.
 {¶ 13} After reviewing the trial court's jury instructions in this case, we conclude that the court's charge complied with Howard. Thus, we find no error in the trial court's charge, let alone plain error. Likewise, we do not find that the trial court provided theHoward charge in a coercive manner. At the point at which the trial court judge issued the charge, the jury had indicated it could not return a unanimous decision. Thus, the charge was properly issued. The Appellant's second assignment of error is overruled.
 {¶ 14} In our view, the trial court appropriately issued its supplemental Howard instruction. Likewise, we find the trial court's judgment was not against the manifest weight of the evidence. Accordingly, we affirm its judgment. *Page 8 
 JUDGMENT AFFIRMED.
 JUDGMENT ENTRY
It is ordered that the JUDGMENT BE AFFIRMED and that the Appellee recover of Appellant costs herein taxed.
The Court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this Court directing the Ross County Common Pleas Court to carry this judgment into execution.
IF A STAY OF EXECUTION OF SENTENCE AND RELEASE UPON BAIL HAS BEEN PREVIOUSLY GRANTED BY THE TRIAL COURT OR THIS COURT, it is temporarily continued for a period not to exceed sixty days upon the bail previously posted. The purpose of a continued stay is to allow Appellant to file with the Ohio Supreme Court an application for a stay during the pendency of proceedings in that court. If a stay is continued by this entry, it will terminate at the earlier of the expiration of the sixty day period, or the failure of the Appellant to file a notice of appeal with the Ohio Supreme Court in the forty-five day appeal period pursuant to Rule II, Sec. 2 of the Rules of Practice of the Ohio Supreme Court. Additionally, if the Ohio Supreme Court dismisses the appeal prior to expiration of sixty days, the stay will terminate as of the date of such dismissal.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure. Exceptions.
Harsha, J.: Concurs in Judgment and Opinion. Abele, J.: Concurs in Judgment Only. *Page 1