OPINION
{¶ 1} Michael A. Shepard, defendant-appellant, appeals from the judgment of the Franklin County Court of Common Pleas, in which the court, pursuant to a jury trial, found appellant guilty of robbery, in violation of R.C. 2911.02, which is a third-degree felony.
 {¶ 2} On the night of April 17, 2006, appellant drove an automobile into the parking lot of a Shell service station in Upper Arlington, Ohio. Appellant and his passenger began looking under the vehicle, and a Shell employee, Brandon Rogers, met the two near the car. Appellant stated that the vehicle was driving irregularly, and he might have hit something. While Rogers was looking under the car, he saw the passenger go inside the Shell station, exit, and then enter again through an employee-only entrance. *Page 2 
When Rogers approached the employee entrance, he saw the passenger on the floor near the safe, putting something into his pockets. Rogers asked the passenger what he was doing and asked him to turn out his pockets. The passenger was evasive and then finally pushed his way past Rogers, returning to appellant's vehicle.
 {¶ 3} Rogers yelled that he was going to call 911, and Rogers testified that appellant seemed surprised but then jumped into the vehicle. When Rogers held up his cell phone to show appellant and the passenger that he was dialing authorities, appellant halted the vehicle momentarily but then pulled out of the parking lot. Rogers watched the vehicle drive down the road until it left his sight. Rogers reported the license plate number to the police, and the police went to the house of the vehicle's owner, appellant's father, Richard Shepard. While police were there, appellant appeared and admitted he had been driving the vehicle. However, appellant claimed that he had picked up the passenger on the side of the road and knew him only as "Willie." Despite appellant's promise to obtain the full name of the passenger, he failed to do so.
 {¶ 4} On May 19, 2006, appellant was indicted on one count of robbery. A jury trial commenced January 31, 2007, and, on February 2, 2007, the jury found him guilty of one count of robbery. A sentencing hearing was held, and, on February 20, 2007, a judgment was filed, finding appellant guilty of robbery and sentencing him to a term of community control. Appellant appeals the judgment of the trial court, asserting the following assignments of error:
 [I.] The trial court erred by instructing the jury on flight as evidence of guilt, and in the form by which it did so, which was not the standard instruction, and which could only have been confusing to the jury. *Page 3 
 [II.] The trial court erred in rendering a "Howard" charge at the time that it did, as it could not reasonably be determined that the jury was deadlocked.
 {¶ 5} In his first assignment of error, appellant argues the trial court erred when it instructed the jury on flight as evidence of guilt. The trial court gave the following jury instruction with regard to flight: "Flight or its analogous conduct may be considered by you as consciousness of guilt." Appellant's argument with regard to this instruction is twofold: (1) the instruction from the Ohio Jury Instructions should have been given instead of the one given; and (2) the form of the instruction given was so confusing that a reasonable juror could not understand its meaning.
 {¶ 6} With regard to appellant's first argument, appellant contends that the jury instruction from Ohio Jury Instructions (2005), Section 405.25 ("OJI 405.25"), should have been given. OJI 405.25 provides:
 CONSCIOUSNESS OF GUILT. Testimony has been admitted indicating that the defendant [fled the scene]. * * * You are instructed that [flight] alone does not raise a presumption of guilt, but it may tend to indicate the defendant's (consciousness) * * * of guilt. If you find that the facts do not support that the defendant [fled], or if you find that some other motive prompted the defendant's conduct, or if you are unable to decide what the defendant's motivation was, then you should not consider this evidence for any purpose. However, if you find that the facts support that the defendant engaged in such conduct and if you decide that the defendant was motivated by (a consciousness) * * * of guilt, you may, but are not required to, consider that evidence in deciding whether the defendant is guilty of the crime[ ] charged. You alone will determine what weight, if any, to give to this evidence.
 {¶ 7} When considering whether to use a jury instruction, it is within the sound discretion of the trial court to admit or reject proposed jury instructions. Youssef v. Parr, Inc. (1990), 69 Ohio App.3d 679. An appellate court's duty is to review the instructions as a whole, and, if taken in their entirety, the instructions fairly and correctly state the law *Page 4 
applicable to the evidence presented at trial, reversible error will not be found merely on the possibility that the jury may have been misled.Wozniak v. Wozniak (1993), 90 Ohio App.3d 400, 410. The trial court is not bound to provide jury instructions in the language proposed by the parties even where those instructions espouse the correct legal principles at issue in the case. Henderson v. Spring Run Allotment
(1994), 99 Ohio App.3d 633, 638. Instead, the court possesses the discretion to use its own language to communicate the same principles in language it deems proper. Id. An abuse of discretion connotes more than an error of law or judgment; rather, it suggests that the lower court's attitude was unreasonable, arbitrary or unconscionable. Blakemore v.Blakemore (1983), 5 Ohio St.3d 217, 219.
 {¶ 8} After comparing the jury instruction given by the trial court with the jury instruction suggested by appellant, we cannot find the trial court abused its discretion. Appellant maintains OJI 405.25 is explicit in its options, contains a caution for every advice, makes clear that the jury is not being instructed that appellant actually fled, and informs the jury that it may find the facts do not support that appellant fled. While we agree that the OJI instruction is more detailed and explicit, the instruction given by the trial court is not incorrect and does not conflict with the suggested OJI instruction. The jury instruction given by the court substantially mirrors the language from paragraph six of the syllabus in State v. Eaton (1969),19 Ohio St.2d 145, 160, in which the court stated that "[f]light from justice, and its analogous conduct, have always been indicative of a consciousness of guilt." The given instruction permits the same "options," as termed by appellant, as the OJI instruction. The given instruction indicated that the jury "may" find flight demonstrated consciousness of guilt, allowed the jury to determine for itself whether appellant fled, and left open the possibility that there may have existed other motivations *Page 5 
to move appellant to depart the Shell station other than guilty knowledge. The given instruction was neutral as to whether defendant actually fled and whether the flight should be deemed consciousness of guilt, and there was no limiting or coercive language to advocate a particular finding on either issue. In addition, it is fundamental that jury instructions must be considered as a whole. State v. Jackson
(2001), 92 Ohio St.3d 436, 446. Here, the jury instructions also instructed that it was solely the jury's function to judge the disputed facts, further giving direction to the jury that it was within its fact finding duties to determine whether flight, in fact, occurred, and whether the flight was motivated by guilt. Again, while we believe a more detailed instruction was possible, other courts have given equally terse flight instructions. See, e.g., State v. Baldwin, Stark App. No. 2006CA00076, 2007-Ohio-3511, at ¶ 15 ("Flight may be considered by the jury as evidence of consciousness of guilt of the alleged offense of grand theft."); State v. Blake, Montgomery App. No. 20884, 2007-Ohio-18, at ¶ 34 ("the accused's flight and resistance to arrest can be considered by you as evidence of guilt").
 {¶ 9} We also find the form of the instruction given was not so confusing that a reasonable juror could not understand its meaning. Appellant maintains that the phrase "or its analogous conduct" is too confusing for the average juror to understand, and its usage is grammatically nonsensical. We disagree with both contentions. We do not find the word "analogous," or the context in which it was used, confusing or convoluted. There was no evidence that the jury did not understand the instruction, such as a request for the definition of the word or phrase. See State v. Calabrese (Feb. 9, 1996), Lake App. No. 95-L-054 (that the jury was confused with an instruction was evidenced by its request during deliberations for written definitions of certain terms). Further, the phrase was crafted by the Ohio Supreme Court and is oft quoted by courts of appeals throughout this state, *Page 6 
including this court, when discussing flight as being indicative of guilt. See, e.g., State v. Thomas, Franklin App. No. 02AP-778, 2003-Ohio-2199, at ¶ 35. Also, although appellant questions the meaning of "or its analogous conduct" and claims it defies sense, an example of analogous conduct was given in State v. Faust (Sept. 29, 1983), Cuyahoga App. No. 45212, in which the court found analogous conduct to be a defendant's scuffle with two policemen resulting in an injury to one of the policemen. The court in Faust was able to decipher the phrase, and we see no reason why a jury could not do the same. In sum, we are mindful that we are required to presume the propriety of jury instructions, and appellant gives no compelling reason to reject it. SeeState v. Calderon, Franklin App. No. 05AP-1151, 2007-Ohio-377, at ¶ 54, citing Arthur Young Co. v. Kelly (1993), 88 Ohio App.3d 343, 350, citing Schade v. Carnegie Body Co. (1982), 70 Ohio St.2d 207, 210. Based upon the above reasoning, we cannot find the trial court abused its discretion in giving the particular flight instruction it did. Therefore, appellant's first assignment of error is overruled.
 {¶ 10} Appellant argues in his second assignment of error that the trial court erred by rendering a Howard charge when it did, as it could not reasonably be determined that the jury was deadlocked at that point. In State v. Howard (1989), 42 Ohio St.3d 18, the Ohio Supreme Court approved a supplemental charge to be given to juries that have become deadlocked on the question of conviction or acquittal. TheHoward charge states:
 * * * The principal mode, provided by our Constitution and laws, for deciding questions of fact in criminal cases, is by jury verdict. In a large proportion of cases, absolute certainty cannot be attained or expected. Although the verdict must reflect the verdict of each individual juror and not mere acquiescence in the conclusion of your fellows, each question submitted to you should be examined with proper regard and deference to the opinions of others. You should consider it desirable that the case be decided. You are selected in the *Page 7 
same manner, and from the same source, as any future jury would be. There is no reason to believe the case will ever be submitted to a jury more capable, impartial, or intelligent than this one. Likewise, there is no reason to believe that more or clearer evidence will be produced by either side. It is your duty to decide the case, if you can conscientiously do so. You should listen to one another's arguments with a disposition to be persuaded. Do not hesitate to reexamine your views and change your position if you are convinced it is erroneous. If there is disagreement, all jurors should reexamine their positions, given that a unanimous verdict has not been reached. Jurors for acquittal should consider whether their doubt is reasonable, considering that it is not shared by others, equally honest, who have heard the same evidence, with the same desire to arrive at the truth, and under the same oath. Likewise, jurors for conviction should ask themselves whether they might not reasonably doubt the correctness of a judgment not concurred in by all other jurors.
Howard, at paragraph two of the syllabus. In the present case, the trial court's charge tracked the language in Howard.
 {¶ 11} With regard to appellant's contention that the court gave theHoward charge too soon after the jury retired, the record does not indicate how long the jury deliberated before it sent out the note indicating that it was unable to reach a unanimous agreement. The transcript merely indicates that "[a] recess was taken." Presumably, the jury's note was given to the trial court on the same day the jury retired for deliberations. The decision to give a Howard charge is reviewed under an abuse of discretion standard. State v. Long (Oct. 12, 2000), Cuyahoga App. No. 77272. There is no required period that a trial court must wait in order for the Howard charge to be appropriate. A trial court's delivery of the Howard charge after only a few hours of deliberation has been upheld in numerous cases. See, e.g., State v.Clifton, 172 Ohio App.3d 86, 2007-Ohio-3392, at ¶ 28 (the jury deliberated for less than two hours before asking what the option was if they could not agree, to which the trial court responded with theHoward charge); State v. Witcher, *Page 8 
Lucas App. No. L-06-1039, 2007-Ohio-3960 (delivery of theHoward charge after two hours of deliberation); State v. Nutt, Ross App. No. 06CA2926, 2007-Ohio-3031, at ¶ 12 (trial court provided theHoward charge after approximately two hours of jury deliberations);State v. Edwards, Trumbull App. No. 2006-T-0038, 2006-Ohio-6349, at ¶ 28 (approximately five and a half hours after beginning its deliberations, the jury submitted a question to the court asking what they should do when they cannot come to a unanimous decision); State v.Adams, Jefferson App. No. 02 JE 32, 2003-Ohio-1225 (jury deliberated four hours before trial court gave the Howard charge); State v.Smith, Montgomery App. No. 19370, 2003-Ohio-903 (jury deliberated three hours before the trial court gave the Howard charge). Thus, we find no error based solely upon the period of deliberation that had elapsed before the charge was given.
{¶ l2} In addition, although appellant claims that the court gave theHoward charge before it could be determined that the jury was deadlocked, there is no formula provided to determine exactly when a jury is deadlocked and exactly when the supplemental charge fromHoward should be read to the jury. State v. Minnis (Feb. 11, 1992), Franklin App. No. 91AP-844. Here, the jury indicated in its note, which is not included in the record but was referred to by the trial court on the record, that it had been unable to reach a unanimous agreement and then asked what happens next. Although the jury did not specifically indicate it was "deadlocked," there is no requirement that the jury explicitly indicate such. See id. (the jury need not expressly state that it is deadlocked). Clearly, the question asked by the jury here indicates that its members had come to an impasse in their deliberations, and it was well within the discretion of the court to determine the jury was deadlocked. See, e.g., Witcher, supra, at ¶ 29 (message from the jury stating: "What happens/what is the procedure if we can't come to a unanimous *Page 9 
decision [either way]?" demonstrated the jury was deadlocked);Nutt, supra (the proper point at which the trial court judge should issue a Howard charge is when the jury indicates it cannot return a unanimous decision); State v. Becerra, Cuyahoga App. No. 87374,2006-Ohio-5245, at ¶ 29 (Howard instruction is appropriate when jury is at an impasse). Given the content of the jury's note, we find the trial court did not abuse its discretion in giving the Howard charge in response.
{¶ l3} Appellant also argues under this assignment of error that there is no indication in the record that the trial court consulted with counsel with regard to giving the Howard charge, and there is no indication that the parties or counsel were present at the time the supplemental charge was given. It is true that the transcript of the proceedings does not indicate whether the trial court discussed the charge with counsel or whether counsel or appellant were present when the supplemental charge was given. However, the lack of any indication in the record is what precludes this court from reviewing appellant's argument. Although appellant asserts that neither consultation between the court and counsel nor the presence of appellant and counsel during the charge can be presumed, an appellate court must presume the regularity of the trial court proceedings absent evidence to the contrary. Knapp v. Edwards Laboratories (1980), 61 Ohio St.2d 197, 199. Further, with regard to the presence of counsel during theHoward charge, it has been established that the defendant has the right to be present when the court communicates with the jury. State v.Abrams (1974), 39 Ohio St.2d 53, 55-56. Where the record is silent, however, the reviewing court does not presume that the defendant and his counsel were absent when the court communicated with the jury. State v.Chinn (1999), 85 Ohio St.3d 548, 568 (rejecting the defendant's appellate argument where record did not show if he and/or counsel were present during two jury communications). *Page 10 
Instead, the record must affirmatively indicate the absence of a defendant or his counsel during the stage of trial in question. Id., citing State v. Clark (1988), 38 Ohio St.3d 252, 258. Here, as the record is silent, we must presume counsel and appellant were present.
{¶ l4} In addition, as the state points out, throughout the proceedings, the transcript fails to indicate that anyone was present in the courtroom, when it is clear that both counsel and appellant were present. This court has also noted that "[w]hile it is prudent for the trial court to note the presence of all parties whenever the court is in session, it is not unusual for the court to neglect to do so." State v.Blackwell (1984), 16 Ohio App.3d 100, 101. Thus, that the transcript gives no indication that appellant and counsel were present during theHoward charge does not lead us to any inference that they were, in fact, not present. For the foregoing reasons, appellant's second assignment of error is overruled.
{¶ l5} Accordingly, appellant's first and second assignments of error are overruled, and the judgment of the Franklin County Court of Common Pleas is affirmed.
Judgment affirmed.
TYACK and BOWMAN, JJ., concur.
BOWMAN, J., retired of the Tenth Appellate District, assigned to active duty under authority of Section 6(C), Article IV, Ohio Constitution. *Page 1