ABELE, J.
{¶ 1} This is an appeal from an Adams County Common Pleas Court judgment of conviction and sentence. Darian J. Pribble, defendant below and appellant herein, assigns the following error for review:
ASSIGNMENT OF ERROR:
"THE TRIAL COURT ERRED WHEN IT SENTENCED DARIAN PRIBBLE TO FIVE YEARS IN PRISON FOR ILLEGAL ASSEMBLY, BECAUSE THE MAXIMUM ALLOWABLE SENTENCE FOR THAT CRIME IS THREE YEARS IN PRISON. STATE V. CLARK , 4TH DIST. HIGHLAND NO. 14CA20, 2015-OHIO-5003 [2015 WL 7777228] ; R.C. 2929.14(A)(3)(b) ; R.C. 2901.04(A) ; TR. 361-62; FEBRUARY 6, 2017, JOURNAL ENTRY."
{¶ 2} On February 7, 2016, Manchester Village Police Officer Jason Mallott received an email from the NPLEx data system that indicated that a person with whom the department had previous contact for manufacturing methamphetamine had just purchased Sudafedrin, a component used to make methamphetamine, from a local Kroger pharmacy. After receiving further information, Officer Mallott located and stopped the car in that appellant and his two co-defendants occupied. Officer Mallott also determined that appellant had an outstanding warrant.
{¶ 3} During a subsequent search incident to arrest, Officer Mallott found a pouch in appellant's coat pocket that contained "white powder crystal residue" along with small baggies, some ties, and two spoons with white powder residue. The Bureau of Criminal Investigation (BCI) Crime Lab later identified the residue as methamphetamine. Officer Mallott also found in appellant's pocket a severed lithium battery, that Mallott later testified is typically done to extract lithium to use in the manufacture of methamphetamine. After Officer Mallott obtained consent from *51 the driver to search the vehicle, Mallott also found Kroger-brand Sudafedrin.
{¶ 4} The Adams County Grand Jury returned an indictment that charged appellant with one count of the illegal assembly of chemicals that may be used to manufacture a controlled substance in Schedule I or II, to wit: Sudafed and lithium, with the intent to manufacture a Schedule I or II controlled substance, to wit: Methamphetamine in violation of R.C. 2925.041(A), a third-degree felony. On February 3, 2017, a jury found appellant guilty as charged. The trial court sentenced appellant to serve a mandatory prison term of five years, subject to R.C. 2929.14(A). This appeal followed.
{¶ 5} In his sole assignment of error, appellant asserts that the trial court erred (1) in sentencing him to 60 months in prison under R.C. 2925.04(C)(1) rather than 36 months in prison under R.C. 2929.14(A)(3), and (2) in failing to follow the relevant precedent in this case, State v. Clark , 4th Dist. Highland No. 14CA20, 2015-Ohio-5003, 2015 WL 7777228.
{¶ 6} When the trial court sentenced appellant on February 3, 2017, R.C. 2929.14(A)(3), which governs prison terms for third-degree felonies, provided:
(a) For a felony of the third degree that is a violation of section 2903.06, 2903.08, 2907.03, 2907.04, or 2907.05 of the Revised Code or that is a violation of section 2911.02 or 2911.12 of the Revised Code if the offender previously has been convicted of or pleaded guilty in two or more separate proceedings to two or more violations of section 2911.01, 2911.02, 2911.11, or 2911.12 of the Revised Code, the prison term shall be twelve, eighteen, twenty-four, thirty, thirty-six, forty-two, forty-eight, fifty-four, or sixty months.
(b) For a felony of the third degree that is not an offense for which division (A)(3)(a) of this section applies, the prison term shall be nine, twelve, eighteen, twenty-four, thirty, or thirty-six months.
The offenses listed in R.C. 2929.14(A)(3)(a) appear to refer to certain vehicular offenses, certain sexual offenses, and robbery and burglary. Notably, the illegal assembly of chemicals for the manufacture of drugs is not an offense listed in R.C. 2929.14(A)(3)(a). Therefore, pursuant to R.C. 2929.14(A)(3)(a) and (b), it appears that appellant's maximum sentence for violating R.C. 2925.041 is 36 months in prison.
{¶ 7} R.C. 2925.041 governs the assembly or possession of chemicals used to manufacture controlled substances and provides, in relevant part:
(C) Whoever violates this section is guilty of illegal assembly or possession of chemicals for the manufacture of drugs. Except as otherwise provided in this division, illegal assembly or possession of chemicals for the manufacture of drugs is a felony of the third degree, and * * * the court shall impose a mandatory prison term * * * as follows:
(1) Except as otherwise provided in this division, there is a presumption for a prison term for the offense. * * * If the offender two or more times previously has been convicted of or pleaded guilty to a felony drug abuse offense and if at least one of those previous convictions or guilty pleas was to a violation of division (A) of this section, a violation of [R.C.] 2929.22(B)(6), or a violation of [R.C.] 2925.04(A), the court shall impose as a mandatory prison term one of the prison terms described for a felony of the third degree that is not less than five years.
{¶ 8} In the case sub judice, the record indicates that appellant has previous methamphetamine related convictions for illegal manufacturing (2009) and aggravated possession (2015). Thus, it appears that appellant has the requisite prior convictions *52 to trigger R.C. 2925.041(C)(1), and therefore, appellant's mandatory sentence for violating R.C. 2925.041 should be 60 months (5 years) in prison. However, while the language of R.C. 2925.041(C)(1) is unambiguous in isolation, ambiguity does exist because R.C. 2929.14(A)(3)(b) requires a different result.
{¶ 9} As appellant argues, this court recently considered the conflict between these two statutes in State v. Clark , 4th Dist. Highland No. 14CA20, 2015-Ohio-5003, 2015 WL 7777228, in which we cited the analysis in State v. Young , 2015-Ohio-1347, 31 N.E.3d 178. Young observed that R.C. 2925.041(C)(1) sets forth a specific sentencing scheme for third-degree felonies that involve felony drug abuse offenses and, thus, is specific, rather than general, in nature. Likewise, R.C. 2929.14(A)(3), which sets forth a two-tiered sentencing scheme for third-degree felonies, is specific, rather than general, in nature. However, the statutes conflict because the maximum sentence authorized for a third-degree felony drug offense under R.C. 2925.04(C)(1) is 60 months, while the maximum sentence authorized for third-degree felonies, other than those listed in R.C. 2929.14(A)(3)(a), is 36 months. Yet, R.C. 2925.041(C)(1) also incorporates by reference R.C. 2929.14 when the former states, "the court shall impose as a mandatory prison term one of the prison terms prescribed for a felony of the third degree. Young at ¶ 43.
{¶ 10} In Clark , this court also cited the Eleventh District's decision in State v. Owen , 2013-Ohio-2824, 995 N.E.2d 911, in which the Owen court emphasized that the overriding purpose of felony sentencing under H.B. 86 is to "punish the offender using the minimum sanctions that the court determines accomplish those purposes." Owen at ¶ 30. The Owen court found that the legislative intent is that sentencing courts should use the minimum sanctions available to accomplish the purposes of felony sentencing. Clark at ¶ 67.
{¶ 11} Finally, in Clark we cited Young for reliance on the rule of lenity, which applies when an ambiguity exists in a statute, or a conflict exists between two or more statutes. We held that the rule of lenity is codified in R.C. 2901.04(A), which provides in relevant part that "sections of the Revised Code defining offenses or penalties shall be strictly construed against the state, and liberally construed in favor of the accused." Clark at ¶ 67, citing Young at ¶ 48. Under the rule of lenity, "a court will not interpret a criminal statute so as to increase the penalty it imposes on a defendant where the intended scope of the statute is ambiguous." Clark at ¶ 67, citing State v. Sheets , 12th Dist. Clermont No. CA2006-04-032, 2007-Ohio-1799, 2007 WL 1121306 at ¶ 28. We further observed in Clark that we located no other cases beyond those cited that address the conflict issue that appellant raises. Today, we recognize that in 2016 the Twelfth District reaffirmed its Young holding and reemphasized the rule of lenity, importantly noting that "the General Assembly has yet to amend either statute so as to resolve the conflict." State v. Harp , 2016-Ohio-4921, 68 N.E.3d 366, ¶ 15. Thus, the Twelfth District found it "necessary to once again apply the rule of lenity to the case at bar and maintain the status quo within this district by following our prior precedent set forth in Young ." Id. at ¶ 15.
{¶ 12} In State v. Brewer , 2014-Ohio-1903, 11 N.E.3d 317, ¶ 33, we also held that when reviewing felony sentences, we must apply the standard of review set forth in R.C. 2953.08(G)(2). See also , State v. Graham , 4th Dist. Highland No. 13CA11, 2014-Ohio-3149, 2014 WL 3540879, ¶ 31. R.C. 2953.08(G)(2) specifies that an appellate court may increase, reduce, modify, or vacate and remand a challenged felony sentence if the court clearly and convincingly *53 finds either that "the record does not support the sentencing court's findings" under the specified statutory provisions or "the sentence is otherwise contrary to law." Graham at ¶ 31. The Supreme Court of Ohio construed R.C. 2953.08(G)(2) in State v. Marcum , 146 Ohio St.3d 516, 2016-Ohio-1002, 59 N.E.3d 1231. The court held that "[i]n the final analysis, * * * R.C. 2953.08(G)(2)(a) compels appellate courts to modify or vacate sentences if they find clear and convincing evidence that the record does not support any relevant findings under 'division (B) or (D) of section 2929.13, division (B)(2)(3) or (C)(4) of section 2929.14, or division (I) of section 2929.20 of the Revised Code.' "
{¶ 13} In view of the foregoing, we reluctantly reaffirm our prior holding in State v. Clark . Although we agree with the trial court's sentiment concerning the appropriate length of sentence for defendants who engage in the manufacture of illegal drugs, we also express our continued frustration with Ohio's convoluted and complex felony sentencing statutes.
{¶ 14} Therefore, based upon the foregoing reasons, we find appellant's five-year mandatory sentence under R.C. 2925.041(C) is clearly and convincingly contrary to law. Accordingly, we sustain appellant's assignment of error and remand the matter for resentencing in accordance with the law as set forth in R.C. 2929.14(A)(3)(b) and consistent with this opinion.
JUDGMENT REVERSED IN PART AND CAUSE REMANDED FOR FURTHER PROCEEDINGS CONSISTENT WITH THIS OPINION.
McFarland, J. & Hoover, J.: Concur in Judgment & Opinion