[Cite as *In re K.R.*, 2010-Ohio-6582.]

STATE OF OHIO, JEFFERSON COUNTY

IN THE COURT OF APPEALS

SEVENTH DISTRICT

| | | |
|---|---|---|
| IN RE: K.R., | ) | CASE NO.    10 JE 9 |
| | ) | |
| A MINOR CHILD, | ) | O P I N I O N |
| | ) | |

CHARACTER OF PROCEEDINGS:          Civil Appeal from Common Pleas Court,
                                                            Juvenile Division, Case No. 09PA171.

JUDGMENT:                                        Affirmed.

APPEARANCES:
For Appellant:                          Attorney James Nichelson
                                               P.O. Box 97
                                               Martins Ferry, Ohio  43935-0097

For Appellee:                          Attorney Stephen Lamatrice
                                               123 North Fourth Street
                                               Steubenville, Ohio  43952

JUDGES:
Hon. Joseph J. Vukovich
Hon. Gene Donofrio
Hon. Cheryl L. Waite

                                                      Dated:  December 30, 2010

VUKOVICH, P.J.

¶{1} Plaintiff-appellant D.R. appeals the decision of the Jefferson County Common Pleas Court, Juvenile Division, finding him to be the father of the minor child K.R. Appellant contends that this decision is erroneous because the genetic testing determined with a 100% probability that he is not the biological father of the child, and in none of the prior proceedings was he determined to be the child's natural father nor has he acknowledged paternity. L.M., the natural mother of the child, has not filed an appellate brief and no brief has been filed on behalf of K.R., a minor child.

¶{2} We find that res judicata can act as a bar to the denial of parentage when genetic testing has proven that the alleged father is not the biological father if the issue of parentage had already been adjudicated in a previous proceeding and there is an identity of the parties. Here, although the dissolution decree was not made a part of the record, we find that there is identity of the parties and issues. As such, we cannot find that the trial court abused its discretion in applying res judicata to the facts of this case. Accordingly, the judgment of the trial court is hereby affirmed.

STATEMENT OF CASE

¶{3} Appellant and L.M. were married in June 1985 and the marriage was dissolved in November 1999. K.R. was born in October 1998. L.M. was originally granted custody of K.R., however, in 2002 appellant sought reallocation of parental rights and was granted custody of K.R. in 2003. On October 3, 2009, after the child began telling people that appellant was not her biological father, genetic testing was performed. In the October 14, 2009 test results it was concluded with a 100% probability that appellant was not the child's father. On November 5, 2009, appellant agreed to a change of custody; L.M. regained custody of K.R. (Tr. 4). The following day he filed a petition to determine parentage. In December 2009, L.M. answered the complaint admitting the majority of the allegations. However, she asserted that the complaint should be dismissed because appellant waived any objection to parentage by not raising any objection during the previous eleven years of the child's life.

¶{4} A hearing on the petition was held before a magistrate. No testimony was presented at the hearing. Following the hearing the magistrate concluded that

appellant is K.R.'s father. It found that appellant established a parent-child relationship with the minor child on her date of birth and held himself out to be her father since that date and that the child refers to him as her "father." It also found that appellant had legal custody of the child from February 28, 2003 through November 5, 2009. Furthermore, it stated that the best interests of the child will not be served by terminating the already existing relationship. Lastly, it stated:

**¶{5}** "As the Ohio Supreme Court has held previously in the <u>Knapp</u> case, there comes a time when each case must come to an end. Finality requires this. Courts have held finality about perfection in the hierarchy of values. Finality is particularly important in parentage case. See <u>Strack</u>. The Court is aware that by denying this Motion, the situation that existed in <u>Knapp</u> is going to exist here (….decision in effect declares as static a state of acts that reliable scientific evidence contradicts.) As mentioned above, there are reasons for this to exist." 02/04/10 J.E.[1]

**¶{6}** On February 25, 2010, the trial court found that appellant was the father of the minor child.

ASSIGNMENT OF ERROR

**¶{7}** "THE COURT WRONGFULLY DETERMINED APPELLANT TO BE THE FATHER OF THE MINOR CHILD."

**¶{8}** This court reviews the trial court's decision whether or not to adopt the magistrate's decision under an abuse of discretion standard of review. *Ford v. Gooden,* 9th Dist. No. 22764, 2006-Ohio-1907, at ¶8.

**¶{9}** Appellant's basis for the Juvenile Court to determine that he is not the father of K.R. arises from R.C. 3111.04. That statute provides that an action to determine the nonexistence of the father-child relationship can be brought by the man alleged to be the child's father. However, since K.R. was born during appellant and L.M.'s marriage, in order to establish the nonexistence of the relationship, appellant, by clear and convincing evidence, has to overcome the rebuttable presumption that he is the natural father of the child. R.C. 3111.03(A)(1) and (B). Genetic testing can provide clear and convincing evidence overcoming the rebuttable presumption. R.C. 3111.03(B).

---

[1] A magistrate's decision should comply with Juv.R. 40.

¶{10} Here, there is genetic testing that excludes appellant as the minor child's father. Despite that, the magistrate and the trial court found that appellant was the child's father. Given the discussion of finality and the Ohio Supreme Court's cases in *Knapp v. Knapp* (1986), 24 Ohio St.3d 141, and *Strack v. Pelton* (1994), 70 Ohio St.3d 172, the court's finding was based on the doctrine of res judicata. Specifically, the domestic relations case, 99DR261, that terminated appellant and L.M.'s marriage through a dissolution decree.

¶{11} We find that the doctrine of res judicata can be invoked to give conclusive effect to a determination of parentage contained in a dissolution decree and, as such, acts as a bar to a subsequent paternity action brought under R.C. Chapter 3111. *In re Gilbraith* (1987), 32 Ohio St.3d 127, 130-131; *Sherrill v. Harroff*, 85 Ohio St.3d 339, 1999-Ohio-269, reversing *Sherrill v. Harroff* (Nov. 3, 1998), 7th Dist. No. 96CO36. See *Cuyahoga Support Enforcement Agency v. Guthrie* (1999), 84 Ohio St.3d 437, 443. Regarding public policy supporting the application of the doctrine to parentage cases, the Court explained:

¶{12} "In our estimation, the same considerations underpinning *res judicata* as a doctrine of general significance apply with equal force in parentage actions, and there is, accordingly, no sound policy reason for denying effect to the doctrine in such cases. The establishment and maintenance of the various aspects of the relationship between parent and child is a particularly intricate, sensitive and emotional process with which courts should be reluctant to interfere. In those cases where, by force of events, judicial intervention occurs, where the matter of parentage is determined with finality and in the absence of fraud, and where that determination is not later vacated, either on direct appeal or pursuant to a recognized legal remedy such as that set forth in Civ.R. 60(B), the policy of this state requires, in sum, that the parent-child relationship be shielded from the unsettling effects of further judicial inquiry, and that relitigation of parentage be barred, as a general rule, in any subsequent actions, including those initiated under R.C. Chapter 3111." *In re Gilbraith*, supra, at 131.

¶{13} The Ohio Supreme Court has also indicated that finality is particularly compelling in a case involving determinations of parentage, visitation and support of a minor child. *Strack*, supra, at 175.

¶{14} Accordingly, res judicata is applicable, but it can only be found if there is an identity of issues and an identity of parties or persons in privity with parties. *Johnson v. Norman* (1981), 66 Ohio St.2d 186, 190; *Payne v. Cartee* (1996), 111 Ohio App.3d 580.

¶{15} Although none of the filings from the domestic relations case, 99DR281, were made a part of the file before the trial court or this court and no testimony was taken at the hearing before the magistrate, we are still able to find that both elements have been met. At the hearing, counsel for both parties indicated that the marriage was terminated through a dissolution decree. That stipulation shows an identity of issues and identity of the parties.

¶{16} Starting with identity of issues, a dissolution decree is an adjudication of parentage. R.C. 3105.63(A) requires the parties to agree to the allocation of parental rights and responsibilities for the care of the minor child, the designation of a residential parent and legal custodian of the minor child, child support, and parenting time rights. See *Blystone v. Blystone*, 10th Dist. No. 03AP-247, 2003-Ohio-5667; *VanDusen v. VanDusen*, 151 Ohio App.3d 494, 2003-Ohio-350, ¶22 (stating, "We do not wish to encourage domestic relations courts and juvenile courts to force the active litigation of the biological parentage in every divorce or parentage action. However, the parentage of a child is adjudicated at the time a divorce occurs. Once that adjudication has occurred, the principles of res judicata apply. In the context of this case, [the child] has been adjudicated to be Brian's child."); *Atchison v. Atchison*, 4th Dist. No. 00CA2727, 2001-Ohio-2519. Furthermore, while appellant was not named the residential parent of the minor child at the time of the dissolution, he admits that when the child was approximately four years old, he sought to be named her residential parent. That motion was granted and until right before this paternity action, the child resided with appellant (for over six years). Appellant even at one point sought to limit the mother's visitation with the minor child, which was granted. Thus, as can be seen, appellant took an active role in the parenting of this child and an active role in the allocation of parental rights. Hence, for all the above reasons, there is an identity of parties.

¶{17} As to the second prong of res judicata, a dissolution can only occur if both spouses are a party to the proceedings. R.C. 3105.63(A). See *Knapp*, 24 Ohio St.3d at 144 (stating "mutual consent is the cornerstone of our dissolution law"); *In re Adams* (1989), 45 Ohio St.3d 219, 220 (stating a separation agreement in dissolution is a binding contract between the parties); *Ipson v. Ipson* (Oct. 29, 1998), 8th Dist. No. 73150 (stating it is the mutuality component of a dissolution that distinguishes it from termination of marriage by divorce). Thus, as appellant was required to be a party to that proceeding, there is an identity of the parties. This is not a situation where appellant was not a party to the divorce proceedings. Cf. *Leguillon v. Leguillon* (1998), 124 Ohio App.3d 757, 767 (finding that a child was not precluded from bringing a paternity action under R.C. Chapter 3111 to determine the existence or nonexistence of a father-child relationship, because the child was arguably not a party to the original divorce action); *Fitzpatrick v. Fitzpatrick* (1998), 126 Ohio App.3d 476, 483-84; *Gatt v. Gideon* (1984), 20 Ohio App.3d 285, paragraph one of syllabus (holding that because the domestic relations court determined that the child was an issue of the marriage, res judicata did not bar any action that the natural father could file in juvenile court pursuant to R.C. 3111.04 and R.C. 3111.06(A) because he had not been a party to the divorce action.). Furthermore, as aforementioned, appellant over the years has taken an active role in seeking and obtaining custody of the child, which also shows an identity of parties.

¶{18} For the foregoing reasons, we find that the trial court did not abuse its discretion in applying res judicata. The judgment of the trial court is hereby affirmed.

Donofrio, J., concurs.
Waite, J., concurs.