[Cite as *Robinette v. Bryant*, 2015-Ohio-119.]

IN THE COURT OF APPEALS OF OHIO
FOURTH APPELLATE DISTRICT
LAWRENCE COUNTY

IN THE MATTER OF:                    :

MICHAEL DAVID ROBINETTE,             :         Case No. 14CA28

    Plaintiff-Appellee,              :

    v.                               :         DECISION AND
                                               JUDGMENT ENTRY
TAMMY ANNETTE BRYANT,                 :

    Defendant-Appellant.             :         **RELEASED:  1/9/2015**

_____

APPEARANCES:

Tammy Annette Bryant, Fort Mitchell, Kentucky, pro se appellant.

Tyler B. Smith, Tyler Beckett Smith Law Firm, Huntington, West Virginia, for appellee.
_____
Harsha, J.

{¶1}    Tammy Annette Bryant appeals from a judgment that: 1) denied her motion to find Michael David Robinette in contempt for failure to comply with a visitation order, 2) granted Robinette's motion to find Bryant in contempt for failing to return their daughter to Robinette following visitation, and 3) denied Bryant's motion to change custody.

{¶2}    In her second, third, and part of her first assignment of error Bryant challenges a portion of the trial court's April 2, 2014 judgment that dismissed her first motion for contempt for lack of evidence.  Because Bryant failed to file a timely appeal from that judgment, we lack jurisdiction to consider the merits of these assignments and dismiss them.

{¶3}    In the portion of her first assignment of error that we do have jurisdiction to consider, Bryant contends that the trial court erred in adopting two magistrate's

decisions before she could file her objections to those decisions. The trial court did not err in entering judgment on the magistrate's decisions before the fourteen-day period to file objections had expired because it was authorized to do so by Juv.R. 40(D)(4)(e)(i), which also protects Bryant's right to subsequently object.

{¶4} In her fourth assignment of error Bryant claims that in the absence of a finding of contempt, the trial court erred in suspending her parenting time in a temporary order. Because this interim order was based on Robinette's uncontroverted testimony that Bryant had violated a court order by refusing to return the child to Robinette following weekend visitation, the trial court did not err in issuing it.

{¶5} In her fifth assignment of error Bryant claims that in the absence of a finding of contempt, the trial court erred in reinstating her visitation on a limited basis. Bryant's argument, however, contests a subsequent judgment, so we do not need to address it. Moreover, based on the evidence submitted at the hearings, the trial court's limited reinstatement of visitation was appropriate.

{¶6} In her sixth assignment of error Bryant asserts that the trial court erred by not including in its findings of fact the reasons Bryant had asserted for not returning their daughter to Robinette following visitation. The trial court did not err in its omission because the reasons Bryant gave for failing to comply with the court's order did not justify her acts of contempt. Bryant herself admitted that she intentionally violated the court order and that her reasons for doing so did not excuse her actions.

{¶7} In her seventh assignment of error Bryant claims that the trial court erred in denying her motion to find Robinette in contempt for showing up a half hour late for her scheduled one-hour visitation with the child and not staying outside the restaurant

during the visitation.  Because this was a one-time incident that was immediately corrected and there was no evidence that the noncompliance with the order was intentional, the trial court did not abuse its discretion in determining that Robinette was not in contempt.

{¶8}    In her eighth assignment of error Bryant claims that the trial court erred by failing to explain why the court omitted three findings in the magistrate's report that she objected to. However, the trial court did in fact implicitly sustain her objections and found the omitted findings were either unsupported or irrelevant.  The court's modification of the magistrate's decision did not prejudice her.

{¶9}    In her ninth and tenth assignments of error Bryant asserts that the trial court erred by misrepresenting the communications between the parties and stating that her actions bordered on stalking Robinette and his wife.  However, the evidence supports the trial court's findings, e.g., Bryant's history of harassing and threatening Robinette and his wife.

{¶10}  In her eleventh assignment of error Bryant contends that the trial court erred in finding that Robinette is employed by the U.S. Army Corps of Engineers. Bryant's contention is meritless because the court's finding is supported by Robinette's uncontroverted testimony that he worked there.

{¶11}  In her twelfth assignment of error Bryant claims that the trial court erred in ordering her to reimburse Robinette for his reasonable costs and attorney fees associated with defending her motions, and the costs and fees associated with the motions he filed to regain custody of the child.  Because the trial court was authorized by R.C. 3127.42(A) to do so, no error occurred.

{¶12} In her thirteenth assignment of error Bryant asserts that the trial court erred in entering judgment because the magistrate issued her May 15, 2014 decision during the period when Bryant could have filed a motion for reconsideration in an earlier appeal to the Supreme Court of Ohio. Because that appeal to the Supreme Court did not involve the matters at issue in these proceedings and it had been resolved by the time the magistrate issued her decision, the trial court did not err in entering judgment denying Bryant's objections to the magistrate's decision.

{¶13} In her fourteenth assignment of error Bryant contends that the trial court erred in failing to reinstate her parenting time after she voluntarily submitted to a mental hygiene test, which showed her to be in the normal range. However, Bryant failed to show remorse for her failure to abide by the trial court's orders and did not suggest that she would comply with those orders in the future. Therefore, the trial court did not abuse its discretion by failing to reinstate her parenting time beyond what it ordered after she failed to return the parties' child from a weekend visitation.

{¶14} In her fifteenth assignment of error Bryant claims that the trial court erred in ordering the parties to communicate through the Our Family Wizard website and permitting attorneys, the judge, magistrate, and guardian ad litem to access the communications. In her sixteenth assignment of error Bryant asserts that the trial court erred by ordering the parties not to communicate by telephone, e-mail, or text messages except for emergency matters concerning the child that require action in less than 48 hours. Based on the parties' lengthy history of significant problems in communicating, the trial court did not abuse its discretion in issuing those orders.

**{¶15}** The trial court did not abuse its discretion in denying Bryant's motions to modify custody of the parties' child, to find Robinette in contempt, and to reinstate her parenting time or in finding Bryant in contempt. We overrule Bryant's assignments of error and affirm the trial court judgment that is properly before us. We dismiss those assignments of error that relate to Bryant's untimely appeal.

## I. FACTS

**{¶16}** This is the third appeal involving disputes over parental rights for the parties' minor daughter, Kailey, who was born in 2010. Robinette, who lived in West Virginia, initiated the case by filing a petition in Lawrence County, where Bryant and the child lived, to establish paternity and obtain a shared parenting order. An agreed temporary order made Bryant the residential parent, granted Robinette weekly parenting time, and ordered him to pay child support. After she was transferred for work to Cincinnati, Bryant moved to Kentucky and sought to dismiss the Ohio case. The trial court denied Bryant's motion to dismiss, designated Robinette the residential parent and legal custodian of the minor child, and granted Bryant parenting time, including two weekends a month, and additional "liberal parenting time" as agreed by the parties. On appeal we affirmed the judgment of the trial court. *Robinette v. Bryant*, 4th Dist. Lawrence No. 12CA20, 2013-Ohio-2889. The Supreme Court of Ohio refused to accept jurisdiction over Bryant's appeal and denied her motion for reconsideration of that decision. *Robinette v. Bryant*, 137 Ohio St.3d 1411, 2013-Ohio-5096, 998 N.E.2d 511; *Robinette v. Bryant*, 137 Ohio St.3d 1478, 2014-Ohio-176, 2 N.E.3d 271.

**{¶17}** During the pendency of Bryant's first appeal the parties disagreed about the meaning of the "liberal parenting" provision, so the trial court clarified that the parties

must both agree to any additional time beyond that previously scheduled. Bryant appealed from the trial court's clarification entry, and we affirmed. *Robinette v. Bryant*, 4th Dist. Lawrence No. 13CA9, 2013-Ohio-5887. The Supreme Court again declined jurisdiction of Bryant's appeal and also denied her motion for reconsideration of that decision. *Robinette v. Bryant*, 138 Ohio St.3d 1494, 2014-Ohio-2021, 8 N.E.3d 964; *Robinette v. Bryant*, 139 Ohio St.3d 1474, 2014-Ohio-3012, 11 N.E.3d 1195.

{¶18} In December 2013, Bryant filed a motion asking the trial court to find Robinette in contempt for failing to comply with the court's order to meet at the designated place for a parenting exchange. Then in January 2014, Bryant refused to return the child to Robinette after a holiday weekend visitation, so Robinette filed motions to find Bryant in contempt. He also sought to have her undergo a mental hygiene/psychological evaluation because of several disturbing e-mails Bryant sent to Robinette and his wife. By agreement of the parties, the trial court set the motions for hearing by the magistrate on January 29, 2014.

{¶19} When Bryant failed to appear at that hearing, her counsel indicated that she did not have any evidence that she could present on the contempt motion without Bryant's testimony. Robinette provided uncontroverted testimony that after dropping off the child with Bryant for a holiday weekend visitation on January 17, 2014, Bryant refused to return the child on January 20. The court adopted the magistrate's decision on January 30, the same day it issued, and: 1) dismissed Bryant's contempt motion for lack of evidence, 2) ordered Bryant to immediately return the parties' minor child to Robinette with the assistance of law enforcement, and 3) temporarily suspended Bryant's parenting time. With the help of Kentucky police and without the assistance of

Bryant, who still believed that she should retain custody, the child returned to Robinette on January 31. Bryant then filed objections to the magistrate's January 30, 2014 decision and a motion to reinstate her parenting schedule.

{¶20} Following a hearing in February 2014, the magistrate issued an interim order on Bryant's motion to reinstate parenting time. The order granted Bryant an hour of visitation to take place at the McDonald's restaurant in Proctorville, Ohio on the first and third Saturdays of each month from 2:00 p.m. to 3:00 p.m., and instructed Robinette to stay in his car during the parenting time. Bryant subsequently filed a motion to find Robinette in contempt of this order because on February 22, 2014, he showed up at 2:30 p.m. instead of 2:00 p.m. and he remained in the restaurant during Bryant's one-hour visitation with the child.

{¶21} In late February 2014, Bryant filed a motion requesting a hearing on an alleged change of circumstances concerning Robinette's designation as residential parent and legal custodian. Bryant claimed that Robinette was becoming increasingly ill with his Hepatitis C condition so that he was no longer able to care for the child and that the child was no longer primarily residing with him.

{¶22} On April 2, 2014, the trial court entered a judgment overruling Bryant's objections to the magistrate's January 30, 2014 and February 2014 decisions and again dismissed Bryant's first motion for contempt for lack of evidence. The court also adopted the magistrate's interim order restricting Bryant's parenting time. The court specified that its dismissal of Bryant's contempt motion constituted a final appealable order. Bryant did not take a timely appeal from this judgment.

{¶23}  Meanwhile on March 27, 2014, just prior to the trial court's April 2, 2014 judgment, the magistrate held a hearing on several of the pending motions.  At the hearing Bryant testified that on February 22, 2014, Robinette brought the child to the McDonald's in Proctorville a half hour late and stayed inside the restaurant instead of outside in his car as previously ordered.  Nevertheless, Bryant did receive one hour of visitation with the child, and Bryant experienced no similar problems with visitation after this one-time occurrence.

{¶24}  Bryant admitted that she violated the trial court's parenting order by not returning the child to Robinette on January 20, 2014 following her weekend visitation. Bryant claimed that she did so because of the trial court's failure to set a hearing on her first motion for contempt and Robinette's alleged noncompliance with the parenting order, but she admitted that these reasons did not excuse her noncompliance.  Bryant claimed she violated the parenting order to force the trial court to schedule a hearing on her first motion for contempt.[1]  Bryant testified that her violation of the order was intentional, that she had previously violated a court order based on unsubstantiated allegations of sexual abuse, and that she did not regret her decision to violate the parenting order.

{¶25}  Bryant also testified that she had been trained by the federal government how to track e-mail, that she had software with GPS capability that could tell where Robinette opened her e-mail, that she tracked Robinette's and his wife's telephones, and that she hired a private investigator to check on the child's whereabouts when she was picked up from school.  Bryant sent Robinette e-mails claiming that he was in different locations across the country receiving medical treatment or was moving their

---

[1] However, when the court did schedule a hearing, she still refused to return her daughter to Robinette.

child to several different places.  As noted by Robinette, Bryant's e-mails caused him frustration and stress because they were not conducive to good communication between the parties.  The assistant principal at the child's school testified that Bryant sent e-mails to the school that were at times hostile and threatening.

{¶26}  At the hearing, Bryant agreed to voluntarily have a mental health evaluation.

{¶27}  As a result of this hearing, the magistrate issued a decision on May 6, 2014 that recommended: 1) denying Bryant's motion for contempt, 2) granting Robinette's motion for contempt, 3) ordering Bryant to reimburse Robinette for his reasonable costs and attorney fees associated with defending her motions and the motions to retrieve the child, 4) ordering Bryant to undergo a psychological examination before any expansion of her parenting time, and 5) denying Bryant's motion for change of custody.

{¶28}  After Bryant received a psychological evaluation that determined that her mental health was normal (but did not express an opinion concerning her parenting), the magistrate held a hearing on Bryant's motion to reinstate her parenting time and Robinette's motion to restrict the parties' communications.  On May 15, 2014, the magistrate issued a decision, which was again immediately adopted by the trial court, ordering both Bryant's parenting time to remain as previously determined and the appointment of a guardian ad litem for the child to provide the court with guidance on appropriate parenting orders.  The court also ordered the parties to communicate through the Our Family Wizard website and not to communicate by telephone, e-mail, or text messages, except for emergency matters regarding the child that must be acted on

in less than 48 hours.  The court indicated that counsel, the judge, the magistrate, and the GAL all would have access to the parties' website communications.

**{¶29}**  Bryant submitted objections to the magistrate's May 6 and 15 decisions, and following a hearing, the trial court entered a judgment adopting the magistrate's recommendations on August 4, 2014.  This appeal followed.

## II. ASSIGNMENTS OF ERROR

**{¶30}**   Bryant assigns the following errors for our review:

1. The trial court erred and abused its discretion in adopting the January 30, 3014 and the May 15, 2014 Magistrate's Decisions as they did not allow the Defendant her 14 days to file objections to the Magistrate's Decision before the Judge signed off on the Magistrate's Decision and making this a Judgment.

2. The trial court erred and abused its discretion in adopting the January 30, 2014 Magistrate's Decision and Judgment Entry regarding the dismal [sic] of Defendant's Motion for Rule of Contempt.

3. The trial court erred and abused its discretion in adopting the January 30, 2014 Magistrate's Decision and Judgment Entry regarding the court not scheduling a hearing after the Defendant timely filed her Motion for Rule of Contempt.

4. The trial court erred and abused its discretion in adopting the January 30, 2013 Magistrate's Decision and Judgment Entry regarding the Defendant's parenting time being temporarily suspended.

5. The trial court erred and abused its discretion in adopting the April 2, 2014 Magistrate's Order and Judgment Entry regarding reinstatement of the Defendant's parenting time with her minor child on an extremely limited basis and being supervised without the Defendant being found in contempt.

6. The trial court erred and abused its discretion in adopting the August 4, 2014 Judgment Entry in its finding of facts of the reason the Defendant didn't return the minor child after a visitation on January 20, 2014.

7. The trial court erred and abused its discretion in adopting the August 4, 2014 Judgment Entry as to denying the Defendant's Motion of

Contempt as he admitted in his testimony to violating the temporary orders of this court.

8. The trial court erred and abused its discretion in adopting the August 4, 2014 Judgment Entry when the court failed to explain the following items that were included in the Magistrate's finding of facts, but were not addressed by the Judge after review.

   • The Magistrate's access to the trial transcript and inclusion in her decision prior to either party requesting a copy of said transcript.

   • The Magistrate's statement that "when asked about anonymous letters that were delivered to plaintiff, his wife, her ex-husband, and others concerning plaintiff's health – claiming him to be HIV positive – defendant did not deny being the author of said letters."

   • The Magistrate's statement that "the step-mother's children attend the same school."

9. The trial court erred and abused its discretion in adopting the August 4, 2014 Judgment Entry as the court misinterpreted the facts of the communications between the parties.

10. The trial court erred and abused its discretion in adopting the August 4, 2014 Judgment Entry as the Magistrate's statement "Defendant's actions border, if not cross the line, of stalking plaintiff and his wife." This is the opinion of the court and not a finding of fact as this is not a matter that the Plaintiff offered as a formal motion.

11. The trial court erred and abused its discretion in adopting the August 4, 2014 Judgment Entry as the Magistrate stated that the Plaintiff was "still employed with the Corps of Engineers;" however, no proof was offered by the defendant and the court disallowed the subpoena request at the hearing on May 15, 2014.

12. The trial court erred and abused its discretion in adopting the August 4, 2014 Judgment Entry as to its order "to reimburse plaintiff for is [sic] his reasonable costs and attorney fees associated with defending the motions filed by defendant and with the costs and attorney fees for motions plaintiff had to file in order to retrieve the child (Cost and attorney fees associated with the Ohio actions only.)"

13. The trial court erred and abused its discretion in adopting the August 4, 2014 Judgment Entry for failure to allow the Defendant her required

time period to request a Motion for Reconsideration to the Ohio Supreme Court.

14. The trial court erred and abused its discretion in adopting the August 4, 2014 Judgment Entry court admits that the Defendant voluntarily submitted to a mental hygiene exam and then refused to return the Defendant's parenting time after the Defendant presented the results of said exam and instead appointed a GAL James Payne (not part of the May 6, 2014 Magistrate's Decision).

15. The trial court erred and abused its discretion in adopting the August 4, 2014 Judgment Entry that the parties shall only communicate via the website www.ourfamilywizard.com and allowing attorney(s) of record, the Judge, Magistrate and GAL assigned to view account.

16. The trial court erred and abused its discretion in adopting the August 4, 2014 Judgment Entry that "the parties shall not communicate by telephone, email, or text messaging except regarding matters of an emergency nature regarding the child that must be acted upon in less than 48 hours." This in effect cuts off all communication avenues between parent and child.

## III. STANDARD OF REVIEW

{¶31} Bryant contests the trial court's judgment finding her in contempt of its parenting order for refusing to return the child to Robinette on January 20, 2014, and denying Bryant's motion to find Robinette in contempt for showing up a half hour late and staying inside the McDonald's during her one-hour visitation on February 22, 2014. Appellate review of a contempt order is under the highly deferential abuse-of-discretion standard; therefore, we will not lightly substitute our judgment for that of the issuing court. *State v. Graham*, 4th Dist. Highland No. 13CA11, 2014-Ohio-3149, ¶ 24, citing *State ex rel. Cincinnati Enquirer v. Hunter*, 138 Ohio St.3d 51, 2013-Ohio-5614, 3 N.E.3d 179, ¶ 29. A trial court abuses its discretion when it is unreasonable, arbitrary, or unconscionable. *Cullen v. State Farm Mut. Auto. Ins. Co.*, 137 Ohio St.3d 373, 2013-Ohio-4733, 999 N.E.2d 614, ¶ 19.

**{¶32}** Bryant also challenges the trial court's judgment that denied her motion to change custody of the parties' daughter and suspended/limited her visitation. Appellate courts review decisions concerning the modification of parental rights, including custody, with the utmost deference; a reviewing court will not reverse the trial court's decision absent an abuse of discretion. *In the Matter of P.A.R.*, 4th Dist. Scioto No. 13CA3550, 2014-Ohio-802, ¶ 18 (custody); *In the Matter of C.J., S.J., and J.J.*, 4th Dist. Vinton No. 10CA681, 2011-Ohio-3366, ¶ 11 (visitation). This standard is warranted because trial courts must have wide latitude in considering the evidence and assessing the parties' demeanor, attitude, and credibility. See *Davis v. Flickinger*, 77 Ohio St.3d 415, 418-419, 674 N.E.2d 1159 (1997). If there is some competent, credible evidence to support the trial court's determination, the trial court does not abuse its discretion. *See, e.g., Middendorf v. Middendorf*, 82 Ohio St.3d 397, 401, 696 N.E.2d 575 (1998); *In re E.W.*, 4th Dist. Wash. Nos. 10CA18, 10CA19, and 10CA20, 2011-Ohio-2123, ¶ 1. "[T]he decision to adopt, reject, or modify a magistrate's decision will not be reversed on appeal unless the decision amounts to an abuse of discretion." *In re S.H.*, 8th Dist. Cuyahoga No. 10091, 2014-Ohio-4476, ¶ 7; *In re K.R.*, 7th Dist. Jefferson No. 10 JE 9, 2010-Ohio-6582, ¶ 8.

## IV. PRELIMINARY MATTER

**{¶33}** Before addressing the merits of Bryant's assignments of error under the required deferential standard of review, we first consider a preliminary issue. Bryant is representing herself pro se, as she did during most of the pertinent proceedings below. Under App.R. 16(A)(7), an appellant's brief shall include "[a]n argument containing the contentions of the appellant with respect to each assignment of error presented for

review and the reasons in support of the contentions, *with citations to the authorities, statutes, and parts of the record on which appellant relies*." (Emphasis added.) Bryant's appellate brief contains no citations to any authorities, statutes, or parts of the record that support her assignments of error. It is within our discretion to disregard any assignment of error that fails to present any citations to cases or statutes in support. *See State v. Adkins*, 4th Dist. Lawrence No. 13CA17, 2014-Ohio-3389, ¶ 34, citing *Fry v. Holzer Clinic, Inc.*, 4th Dist. Gallia No. 07CA4, 2008-Ohio-2194, ¶ 12; App.R. 12(A)(2); *see also J&H Reinforcing & Structural Erectors, Inc. v. Ohio School Facilities Comm.*, 10th Dist. Franklin No. 13AP-732, 2014-Ohio-1963, ¶ 7 ("Where a party fails to cite authority in support of an assignment of error, the court may disregard the assigned error under App.R. 16(A)(7) and 12(A)(2)").

**{¶34}** Nevertheless, given the importance of the parental rights at issue and our general practice of affording pro se litigants a degree of leniency, we will address Bryant's assignments of error in the interests of justice. *See McKim v. Finley*, 4th Dist. Wash. No. 13CA5, 2014-Ohio-4012, ¶ 9. That said, our leniency in these circumstances is not unlimited—we will not create arguments from assignments of error that are incomprehensible; nor will we excuse pro se litigants from ignoring the pertinent Rules of Civil Procedure. *Id.*

## V. LAW AND ANALYSIS

### A. Our Jurisdiction

**{¶35}** In her second, third, and part of her first assignment of error, Bryant challenges the appealable portion of the trial court's April 2, 2014 judgment that dismissed her first motion for contempt because Bryant failed to appear and submit

evidence at the January 2014 hearing.  The dismissal of Bryant's contempt motion constituted a final appealable order.  *See State ex rel. DeWine v. C & D Disposal Technologies, L.L.C.*, 7th Dist. Jefferson No. 11 JE 19, 2012-Ohio-3005, ¶ 16-17.

**{¶36}**  "Generally, an appeal of a judgment or final order must be filed within 30 days from the entry of the judgment or order."  *In re H.F.*, 120 Ohio St.3d 499, 2008-Ohio-6810, 900 N.E.2d 607, ¶ 10.  " 'If a party fails to file a notice of appeal within thirty days as required by App.R. 4(A), we do not have jurisdiction to entertain the appeal. The timely filing of a notice of appeal under this rule is a jurisdictional prerequisite to our review.' "  *Chase Home Finance, L.L.C. v. Gersten*, 4th Dist. Ross No. 12CA3314, 2013-Ohio-252, ¶ 11, quoting *Hughes v. A & A Auto Sales, Inc.*, 4th Dist. Lawrence No. 08CA35, 2009-Ohio-2278, ¶ 7.  The notice of appeal in this appeal bears a file stamp date of August 29, 2014 and is clearly untimely. Therefore, we lack jurisdiction to consider the merits of these assignments of error and dismiss this portion of Bryant's appeal.

B. Trial Court's Adoption of Magistrate's Decisions Before 14-Day
Period for Objections has Expired

**{¶37}**  In her first assignment of error Bryant contends that the trial court erred by adopting the magistrate's January 30, 2014 and May 15, 2014 decisions before the expiration of the 14-day period for objections.[2]  The trial court adopted the magistrate's decisions on the same dates they were issued.

**{¶38}**  The trial court committed no error in entering judgment on the magistrate's decisions before the 14-day period to file objections had expired.  Juv.R. 40(D)(4)(e)(i)

---

[2] We have jurisdiction to review this portion of the first assignment of error and the subsequent assignment of errors because the trial court's final appealable order was not entered until August 4, 2014 and her notice of appeal was entered on August 29, 2014. Also, *see* Section C, that follows.

expressly authorizes trial courts to "enter a judgment either during the fourteen days permitted by Juv.R. 40(D)(3)(b)(i) for the filing of objections to a magistrate's decision or after the fourteen days have expired." *See also In re K.P.R.*, 197 Ohio App.3d 193, 2011-Ohio-6114, 966 N.E.2d 952, ¶ 8 (12th Dist.). "If the court enters a judgment during the fourteen days permitted by Juv.R. 40(D)(3)(b)(i) for the filing of objections, the timely filing of objections to the magistrate's decision shall operate as an automatic stay of execution of the judgment until the court disposes of those objections and vacates, modifies, or adheres to the judgment previously entered." Juv.R. 40(D)(4)(e)(i).

{¶39} Bryant incurred no prejudice by the trial court's entry of judgment on these magistrate's decisions because she filed timely objections, which the trial court subsequently considered and rejected. Therefore, we overrule that portion of Bryant's first assignment of error that is properly before us.

### C. Trial Court's Interim Suspension and Limited Reinstatement of Bryant's Parenting Time

{¶40} In Bryant's fourth assignment of error she asserts that the trial court erred in adopting the January 30 2014 magistrate's decision, which temporarily suspended her parenting time. In her fifth assignment of error Bryant contends that without finding her in contempt the trial court erred in its April 2, 2014 judgment, which reinstated her parenting time on an extremely limited basis.

{¶41} The trial court's April 2, 2014 judgment overruled Bryant's objections to: 1) the magistrate's January 30, 2014 decision temporarily suspending her parenting time and 2) to the magistrate's February 2014 interim decision reinstating Bryant's parenting time on a limited basis for one-hour Saturday visitations at McDonald's twice a month.

Unlike the portion of its April 2, 2014 judgment dismissing Bryant's first contempt motion, the trial court's adoption of these temporary orders was not immediately appealable. *See, e.g., O'Brien v. O'Brien*, 8th Dist. Cuyahoga No. 77788, 2001 WL 66238, *2 (interim visitation order does not constitute a final appealable order). Thus, we have jurisdiction to review them now because they became final by virtue of the August 4, 2014 order.

{¶42}  The trial court did not abuse its discretion in temporarily suspending Bryant's visitation because Robinette's uncontroverted testimony at the January 2014 hearing established that Bryant had violated the court's parenting order by refusing to return the child to Robinette on January 20, 2014 following weekend visitation.  We overrule Bryant's fourth assignment of error.

{¶43}  Bryant's fifth assignment of error contests the trial court's judgment reinstating Bryant's visitation on a limited basis. However, her argument concerns matters that are not part of the April 2, 2014 judgment, but matters subsequent thereto that are raised in some of her remaining assignments.  *See State v. Lamb*, 4th Dist. Highland No. 14CA3, 2014-Ohio-2960, ¶ 13, quoting *State v. Harlow*, 4th Dist. Washington No. 13CA29, 2014–Ohio–864, ¶ 10 (" 'Appellate courts review assignments of error—we sustain or overrule assignments of error and not mere arguments' "). Moreover, given the evidence introduced in the January and February 2014 proceedings, the trial court did not abuse its broad discretion in determining that Bryant's failure to comply with the parenting order necessitated a limitation of her parenting time pending a full hearing on Robinette's motion for contempt.  We overrule Bryant's fifth assignment of error.

D. Contempt

**{¶44}**  In her sixth assignment of error Bryant contends that the trial court erred by not including in its findings of fact the reasons she had asserted for not returning the child to Robinette on January 20, 2014.  In her seventh assignment of error Bryant contends that the trial court erred in denying her second motion for contempt because Robinette admitted to violating the temporary visitation order by showing up a half-hour late and not staying outside McDonald's during Bryant's one-hour visitation on February 22, 2014.

**{¶45}**  Contempt is "conduct which brings the administration of justice into disrespect, or which tends to embarrass, impede or obstruct a court in the performance of its functions."  *Windham Bank v. Tomasczyk*, 27 Ohio St.2d 55, 271 N.E.2d 815 (1971), paragraph one of the syllabus; *State v. Graham*, 4th Dist. Highland No. 13CA11, 2014-Ohio-3149, ¶ 25.  Contempt proceedings are classified as civil or criminal based on the purpose to be served by the sanction.  *State ex rel. Corn v. Russo*, 90 Ohio St.3d 551, 554-555, 740 N.E.2d 265 (2001).  "Civil contempt sanctions are designed for remedial or coercive purposes and are often employed to compel obedience to a court order[;] [c]riminal contempt sanctions, however, are punitive in nature and are designed to vindicate the authority of the court."  *Id.*at 555. Unlike civil contempt, criminal contempt requires proof or a purposeful, willing, or intentional violation of a trial court's order.  *Delawder v. Dodson*, 4th Dist. Lawrence No. 02CA27, 2003-Ohio-2092, ¶ 10. Civil contempt must be established by clear and convincing evidence, whereas criminal contempt requires proof beyond a reasonable doubt.  *Id.*

{¶46} The trial court did not err by failing to refer to the reasons Bryant had asserted for not returning the parties' child to Robinette on January 20, 2014 following her weekend visitation. As Bryant herself testified, her reasons for not complying with the trial court's parenting order did not excuse her noncompliance. And she admitted that she violated the parenting order intentionally and without regret. Under these circumstances the evidence supported the trial court's finding of contempt regardless of whether it is considered to be criminal or civil contempt. The trial court did not abuse its discretion by omitting any reference to Bryant's unjustified reasons for her contemptuous conduct. We overrule Bryant's sixth assignment of error.

{¶47} In her seventh assignment of error Bryant asserts that the trial court abused its discretion in failing to find Robinette in contempt of the court's interim visitation order for showing up a half hour late and not staying outside the McDonald's during her one-hour visitation. There was no indication that Robinette's one-time failure to strictly comply with the interim order was intentional or purposeful so as to support a finding of criminal contempt. And because the purpose of a civil contempt motion is to compel compliance with the court's order rather than to punish disobedience, when compliance becomes moot, the contempt proceeding is also moot. *See Sheridan v. Hagglund*, 4th Dist. Meigs No. 13CA6, 2014-Ohio-4031, ¶ 22. Robinette's failure to strictly comply with the order came on the first afternoon visitation scheduled under the interim plan; once he was apprised that his interpretation of the order was incorrect, no further violations of the order occurred. Even on the date in question, Bryant received one hour of visitation with the child, as contemplated by the interim order. Because the evidence established that Robinette's isolated noncompliance with the order was

inadvertent and did not reoccur, the trial court did not abuse its discretion in declining to find Robinette in civil contempt.  We overrule Bryant's seventh assignment of error.

### E. Failure to Address Certain Magistrate Findings

**{¶48}**  In her eighth assignment of error Bryant argues that the trial court abused its discretion in its August 4, 2014 judgment by failing to explain why it left out three findings from the magistrate's May 6, 2014 decision after she objected to them.  These three statements concerned: 1) the magistrate's access to the trial transcript before either party requested a copy, 2) the fact that Bryant did not deny being the author of anonymous letters delivered to Robinette, his wife, and others falsely claiming that Robinette was HIV positive, and 3) the fact that Robinette's wife's children attended the same school as the parties' daughter.

**{¶49}**  We need not address this argument because " 'in order for us to reverse the trial court's judgment, the error must be prejudicial.' " *Chase Home Finance, L.L.C. v. Dunlap*, 4th Dist. Ross No. 13CA3409, 2014-Ohio-3484, ¶ 34, quoting *Russell v. Gallia Cty. Loc. School Bd.*, 80 Ohio App.3d 797, 800, 610 N.E.2d 1130 (4th Dist. 1992), citing Civ.R. 61 ("The court at every stage of the proceeding must disregard any error or defect in the proceeding which does not affect the substantial rights of the parties").  The trial court ultimately rejected the contested findings in its judgment.  Therefore, it implicitly sustained Bryant's objections to them and it did not rely in them in its judgment.  Civ.R. 53 (D)(4)(b) allows the trial court to modify a magistrate's decision, which is what occurred here. Bryant has not established prejudicial error.  We overrule Bryant's eighth assignment of error.

### F. Communications between the Parties

{¶50} In her ninth and tenth assignments of error Bryant contends that the trial court erred by misrepresenting the communications between the parties and stating that Bryant's actions bordered on stalking Robinette and his wife. The trial court did not abuse its discretion in its findings about the parties' communications because these findings are supported by competent, credible evidence. *See Middendorf*, 82 Ohio St.3d at 401, 696 N.E.2d 575. Testimony established that Bryant tracked the locations where Robinette and his wife opened her e-mail, that she tracked Robinette's and his wife's telephones, and that she hired a private investigator to check on the child when she was picked up from school. Testimony also establishes that the nature of the e-mails Bryant sent to Robinette and the child's school was at times threatening and harassing. We overrule Bryant's ninth and tenth assignments of error.

## G. Robinette's Employment

{¶51} In her eleventh assignment of error Bryant asserts that the trial court erred in finding that Robinette is employed by the U.S. Corps of Army Engineers because there was no evidence to support the finding. Again, Bryant is mistaken. Robinette testified at the March 27, 2014 proceeding that he was working full time with the U.S. Army Corps of Engineers. This evidence was uncontroverted. We overrule Bryant's eleventh assignment of error.

## H. Costs and Attorney Fees

{¶52} In her twelfth assignment of error Bryant asserts that because the magistrate addressed only attorney fees for the period from January 1, 2014 to March 27, 2014. The trial court erred in its August 4, 2014 judgment by ordering that she pay all costs and attorney fees.

**{¶53}** Bryant does not deny that the trial court is authorized to award attorney fees and costs. *See, e.g.,* R.C. 3127.42(A) ("A court shall award the prevailing party in an action to enforce a child custody determination, including a state, necessary and reasonable expenses incurred by or on behalf of the party, including costs * * * [and] attorney fees * * *") And as already noted, Civ. R. 53 (D)(4)(b) allows the trial court to modify the magistrate's decision, which it may have done even in the absence of an objection.

**{¶54}** We overrule Bryant's twelfth assignment of error.

I. Adoption of Magistrate's May 15, 2014 Decision

**{¶55}** In her thirteenth assignment of error Bryant contends by adopting the magistrate's May 15, 2014 decision on the same day, the trial court denied her the right to file objections within 14 days. As we indicated previously in rejecting the same contention in her first assignment of error, the trial court was authorized by Juv.R. 40(D)(4)(e)(i) to enter a judgment adopting the magistrate's decision before the 14-day period expired. Bryant was not deprived of her right to due process because she filed timely objections, which the court considered and overruled in its August 4, 2014 judgment.

**{¶56}** Bryant further claims that the trial court lacked jurisdiction to adopt the magistrate's decision on May 15, 2014 because she still had time to file a motion for reconsideration in the Supreme Court from its decision not to accept jurisdiction in Robinette's second appeal. But the Supreme Court had already declined jurisdiction on May 14 and that appeal involved the trial court's clarification of its original parenting time

order, which was not involved in the May 14 proceedings.  We overrule Bryant's

thirteenth assignment of error.

### J. Reinstatement of Parenting Time

{¶57}  In her fourteenth assignment of error Bryant asserts that the trial court

erred in failing to reinstate her parenting time after she voluntarily submitted to a

psychological evaluation, which showed her to be in the normal range.  Bryant

misinterpreted the trial court's order to mean that she would automatically have her full

parenting time reinstated if she passed a mental-health evaluation.  Neither the trial

court nor the magistrate indicated this.

{¶58}  Nor did the trial court abuse its discretion by failing to grant Bryant's

request for full reinstatement of her parenting time; Bryant failed to show remorse for

her failure to abide by the trial court's orders, including failing to return the child to

Robinette without a justifiable excuse. And she failed to indicate that she would comply

with those orders in the future.  We overrule Bryant's fourteenth assignment of error.

### K. Communication Restrictions

{¶59}  In her fifteenth assignment of error Bryant asserts that the trial court erred

in ordering the parties to communicate through the Our Family Wizard website and

permitting attorneys, the judge, magistrate, and guardian ad litem to access the

communications.  In her sixteenth assignment of error Bryant claims that the trial court

erred by precluding the parties from communicating by telephone, e-mail, or text

messages, except for emergency matters regarding the child that require action in less

than 48 hours.  Given Bryant's documented history of using standard methods of

communication to harass and threaten Robinette and his wife, the trial court did not

abuse its discretion in ordering the communication restrictions, which also permit the court, guardian ad litem, and the parties to monitor them. *See Wright v. Wright*, 5th Dist. Stark No. 2012CA00232, 2013-Ohio-4138, ¶ 23 (affirming the trial court's determination that mother's actions in stopping use of court-ordered Our Family Wizard computer program to aid the parties in communicating about their child constituted a change of circumstances justifying the termination of a shared parenting plan and change of custody to the father). We overrule Bryant's fifteenth and sixteenth assignments of error.

## VI. CONCLUSION

**{¶60}** Bryant has not met her burden to establish that the trial court abused its considerable discretion in finding her in contempt of the court's parenting order, declining to find Robinette in contempt of the court's interim visitation order, denying her motion to change custody, or in any of the other orders that she contests on appeal. On her motion for change of custody, she failed to establish any change of circumstances, which is the threshold determination. *P.A.R.*, 4th Dist. Scioto No. 13CA3550, 2014-Ohio-802, at ¶ 20.

**{¶61}** We overrule the portion of Bryant's appeal that is properly before us and dismiss the portion that challenges the trial court's dismissal of his first contempt motion for lack of jurisdiction.

JUDGMENT AFFIRMED IN PART
AND APPEAL DISMISSED IN PART.

**<u>JUDGMENT ENTRY</u>**

It is ordered that the JUDGMENT IS AFFIRMED IN PART AND THE APPEAL IS DISMISSED IN PART and that Appellant shall pay the costs.

The Court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this Court directing the Lawrence County Court of Common Pleas, Probate/Juvenile Division, to carry this judgment into execution.

Any stay previously granted by this Court is hereby terminated as of the date of this entry.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

Hoover, P.J. & Abele, J.: Concur in Judgment and Opinion.

For the Court

BY: _____
William H. Harsha, Judge

**NOTICE TO COUNSEL**

**Pursuant to Local Rule No. 14, this document constitutes a final judgment entry and the time period for further appeal commences from the date of filing with the clerk.**