[Cite as *In re S.S.*, 2016-Ohio-7328.]

**IN THE COURT OF APPEALS OF OHIO
SECOND APPELLATE DISTRICT
MONTGOMERY COUNTY**

IN RE:                     :

                             :

         S.S.                :       Appellate Case No. 26997

                              :

                              :       Trial Court Case No. 2004-3934

                              :

                              :       (Juvenile Appeal from
                              :        Common Pleas Court)

                              :

                              :

. . . . . . . . . . .

O P I N I O N

Rendered on the 14th day of October, 2016.

. . . . . . . . . . .

T.J.,
      Appellant, *pro se*

HEATHER DUWEL-MEHL, Atty. Reg. No. 0085938, Wright & Schulte,
      Attorney for Appellee

. . . . . . . . . . . .

HALL, J.

**{¶ 1}** The father of the minor child in this case appeals pro se from the judgment of the juvenile court overruling his objections to the magistrate's decision denying his motion to continue the hearing on his motion to modify child support. Upon careful review

and consideration of father's brief and oral argument, we affirm.

## I. Background

{¶ 2} In this parentage action, Father was ordered to pay child support to Mother, who has custody of the child, who we will call Stacey[1], and was given parenting time. A few years ago Father moved to the State of Georgia. In March 2015, he filed a motion to modify child support, as well as an application for child support, claiming that he was unemployed and had no income. The following May, Mother filed a motion to modify parenting time. In October, a hearing before a magistrate on both motions was set to be heard at 9 a.m. on December 15, 2015. At argument, father stated that the December 15, 2015 proceeding was only a pretrial and a full hearing should not have been conducted. However, we have reviewed the filings and the entry and order setting the December 15, 2015 hearing, which was filed on October 5, 2015, and it clearly states: "The Court orders that the same be and hereby is set for December 15, 2015 at 9:00AM before Maristrate John Kolberg,* * * for trial." (Doc. #11).

{¶ 3} Father did not attend the December 15 hearing. At the start of the hearing, the magistrate said that Father had telephoned that morning to say that on December 9 he was subpoenaed by a Georgia court to testify in a trial that was to begin on December 14 and was scheduled to last two days. The magistrate said that Father had filed a motion for a continuance that morning, though after the hearing was scheduled to begin. (According to the record, it was filed at 9:09 a.m.) The magistrate then overruled Father's continuance motion and dismissed his motion to modify child support for failure to prosecute. The magistrate emphasized that it was dismissing the modification motion

---

[1] We use this pseudonym to protect the minor child's privacy.

without prejudice, meaning that Father could always refile it. The hearing then proceeded on Mother's motion to modify parenting time. After the hearing, the magistrate sustained Mother's motion and ordered that Father could have parenting time with Stacey, who at the time of the hearing was 17 years old, only if Mother agreed.

{¶ 4} Father filed objections to the magistrate's decision with the juvenile court. On December 31, the court overruled the objections because Father had failed to file a transcript of the hearing.

{¶ 5} Father, who seems genuinely concerned about his daughter's well-being, appealed from the judgment overruling his objections.

## II. Analysis

{¶ 6} Father's brief sets out three assignments of error. But as he says in the brief, "Appellant's main argument on appeal is that the trial court should have granted him a continuance rather than conduct a trial hearing in his absence." Mother did not file a brief.

{¶ 7} "We review the juvenile court's decision for an abuse of discretion." (Citation omitted.) *In re J.T.*, 2d Dist. Montgomery No. 26839, 2016-Ohio-602, ¶ 17. "The term 'abuse of discretion' implies that the court's attitude is unreasonable, arbitrary or unconscionable." *In re R.L.*, 2d Dist. Greene No. 2012CA32, 2012-Ohio-6049, ¶ 31, citing *Blakemore v. Blakemore*, 5 Ohio St.3d 217, 219, 450 N.E.2d 1140 (1983). Continuance decisions are discretionary. *State v. Unger*, 67 Ohio St.2d 65, 67, 423 N.E.2d 1078 (1981). While the magistrate here did not give any express reason for overruling Father's continuance motion, we see nothing in the record that convinces us that this decision was unreasonable. Father knew at least six days before the hearing that he might have a conflict that could interfere with his attendance, yet his written motion was filed at about

the time the hearing began as was his call to the magistrate. While Father indicates that he called the court on Friday, December 11th and talked to the bailiff about rescheduling the hearing, the nature of this communication is not in the record nor is information indicating that either the magistrate or the trial court was appraised of that call. We could not fault either the trial court or the magistrate for not earlier considering information of which they were not aware. Appellant's written motion does not reference this earlier telephone call. At argument, we inquired of the Appellant about the Georgia court appearance that was set for December 14, 2015, the day before the Ohio hearing, and gave him an opportunity to indicate whether he actually did appear in Georgia Court on December 14th and 15th, 2015. He failed to indicate whether he did or did not.

{¶ 8} Ultimately we are unable to discern how Appellant has been harmed or what relief we can now grant. As to Father's motion to modify child support, Father is free to refile it, like the magistrate said. Nor do we see prejudice as to Mother's motion to modify parenting time. Stacey turned 18 years old on September 27, 2016, meaning that her minority has terminated, *see* R.C. 3109.01, and she is no longer a child under the juvenile code, *see* R.C. 2151.011(B)(6). Although the obligation of support may continue beyond the age of majority, *see* R.C. 3103.031, court control over parenting time does not. So the issue of parenting time is moot, as Stacey now has the right to decide for herself whether, and when, she wants to spend time with Father.

{¶ 9} In his brief Father makes (almost ad hominem) allegations against the magistrate, saying that, for various reasons, the magistrate did not grant a continuance because he did not want Father at the hearing. Also, Father cites a 20-year-old criminal case against him as being a reason why the continuance was not granted. We find no

merit to either of these alleged contentions.

{¶ 10} All of the assignments of error are overruled.

### III. Conclusion

{¶ 11} The juvenile court's judgment is affirmed.

. . . . . . . . . . . . .

FAIN, J., and FROELICH, J., concur.

Copies mailed to:

T.J.
Heather Duwel-Mehl
Lori Cicero
Hon. Nick Kuntz