[Cite as *Search v. Search*, 2026-Ohio-1304.]

IN THE COURT OF APPEALS OF OHIO
SECOND APPELLATE DISTRICT
MONTGOMERY COUNTY

| | | |
|---|---|---|
| STACY SEARCH (DANIELS) | : | |
| | : | C.A. No. 30694 |
| Appellee | : | |
| | : | Trial Court Case No. 2009 DR 00002 |
| v. | : | |
| | : | (Appeal from Common Pleas Court-|
| JONATHAN SEARCH | : | Domestic Relations) |
| | : | |
| Appellant | : | **FINAL JUDGMENT ENTRY &** |
| | : | **OPINION** |

. . . . . . . . . . .

Pursuant to the opinion of this court rendered on April 10, 2026, the judgment of the trial court is affirmed.

Costs to be paid as stated in App.R. 24.

Pursuant to Ohio App.R. 30(A), the clerk of the court of appeals shall immediately serve notice of this judgment upon all parties and make a note in the docket of the service. Additionally, pursuant to App.R. 27, the clerk of the court of appeals shall send a certified copy of this judgment, which constitutes a mandate, to the clerk of the trial court and note the service on the appellate docket.

For the court,

*Mary K. Huffman*

MARY K. HUFFMAN, JUDGE

LEWIS, P.J., and EPLEY, J., concur.

JONATHAN SEARCH, Appellant, Pro Se
APRIL H. MOORE, Attorney for Appellee

HUFFMAN, J.

{¶ 1} Jonathan Search ("Father") appeals pro se from a decision of the Montgomery County Common Pleas Court, Domestic Relations Division, overruling his objections to a magistrate's decision addressing parenting time and the medical expenses of the parties' children. For the following reasons, the judgment of the trial court is affirmed.

**Facts and Procedural History**

{¶ 2} Father and Stacy Daniels ("Mother") were married December 17, 2005, and two children were born as issue of the marriage, S.S. and I.S. On January 6, 2009, Mother filed a complaint for divorce. On April 10, 2009, the parties filed a joint petition for shared parenting and a shared parenting plan. A final judgment and decree of divorce and a final judgment and decree of shared parenting were issued on July 6, 2009, after a hearing.

{¶ 3} After several post-decree motions filed by both parties were addressed, on December 8, 2023, Father filed a motion to show cause, asking that Mother be found in contempt of the shared parenting decree regarding the payment of extraordinary medical expenses in the amount of $2,251.58. On December 18, 2023, a nunc pro tunc final decree and judgment of shared parenting was issued.

{¶ 4} On June 26, 2024, Mother filed a motion requesting a modification of the shared parenting plan and an in camera interview with S.S. She alleged that the relationship between Father and S.S. had "deteriorated greatly" and that it was in the best interest of

S.S. to modify Father's parenting time. She asked the court to interview S.S. regarding her wishes outside of the presence of the parties.

{¶ 5} On November 13, 2024, I.S. was emancipated. On January 27, 2025, an agreed order was filed regarding S.S. Pursuant to the order, S.S. was required to attend weekly dinners and reunification therapy with Father. The order stated that all pending motions were withdrawn.

{¶ 6} On March 10, 2025, Father filed a motion to show cause, alleging that Mother violated "the court-ordered Shared Parenting Plan" regarding S.S. by obstructing his parental rights and engaging in parental alienation. He sought to have his child support obligation suspended. He also filed a supporting affidavit. On March 21, 2025, Father filed a motion to enforce the agreed order and compel compliance. He argued that Mother obstructed visitation and court-ordered reunification therapy and that she willfully ignored repeated requests for her share of prior medical expenses.

{¶ 7} A hearing on Father's motions occurred on July 21, 2025, and a magistrate's decision was issued on September 18, 2025. The magistrate found that Mother was not in contempt of court for interfering with Father's parenting time or failing to ensure that the parties' daughter attended counseling, and that there was no parental alienation by Mother. Regarding medical expenses, the court ordered the parties to complete and exchange a full accounting of all payments made each year for each child for the years 2019, 2021, 2022, 2023, and 2024 within 30 days of the decision and, if either party owed the other, to make payment within 45 days.

{¶ 8} Father filed objections pro se on October 1, 2025. Father also filed an affidavit stating that he purchased the official audio recording of the hearing held on July 21, 2025, and that he transcribed the proceedings "in good faith" to support his objections. He reserved

3

the "right to supplement this record with the official court-certified transcript if the Court requires or deems it necessary." Attached to the affidavit were 26 pages of partial exchanges from the proceedings.

{¶ 9} On October 7, 2025, Mother moved the court to dismiss Father's objections and strike the transcript prepared by Father. Father responded pro se on October 9, 2025.

{¶ 10} On November 5, 2025, the court issued the decision that is the subject of Father's appeal. The court initially determined that Father's self-prepared transcript was "not appropriate nor allowable" and "akin to no transcript at all." It found that the "law is clear that a party cannot object that a magistrate's report is against the manifest weight of the evidence without a transcript," and that it was "bound by law to accept the magistrate's finding of facts." The court granted Mother's motion to strike the purported transcript filed by Father. The court dismissed Father's claim for medical expenses without prejudice. It found Father's remaining objections not well taken, overruled them, and adopted the magistrate's decision.

## Assignments of Error and Analysis

{¶ 11} Father asserts seven assignments of error. On December 5, 2025, a professionally prepared transcript of the proceedings on July 21, 2025, was filed. Mother has not filed a responsive brief.

### I.

{¶ 12} We first address Father's first, second, third, and fourth assignments of error, which concern his parenting time. He initially argues that the court erred in excluding Exhibits H, I, J, and K, which were S.S.'s attendance records from school, a police report regarding the return of S.S. to Father's care, and letters from S.S.'s therapists. In his second assignment of error, he asserts that the January 27, 2025 agreed order "was intended to facilitate reunification; it did not expressly extinguish all prior parenting-time rights that

4

[Father] had under the Shared Parenting Plan." In his third assignment of error, based on S.S.'s refusal to see him, Father argues that Mother failed to demonstrate that she attempted to comply with the January 27, 2025 agreed order or that compliance was impossible. Finally, Father claims that the trial court's findings that Mother complied with the reunification order and acted in good faith were against the manifest weight of the evidence. In the conclusion section of his brief, Father requests an order for Mother to reimburse him for child support payments during the pendency of his motions.

{¶ 13} Significantly, the record reflects that S.S. was born in August 2007. The dispute over parenting time accordingly became moot in August 2025, before the trial court ruled on Father's objections. R.C. 3109.01, which governs the age of majority, states that "[a]ll persons of the age of eighteen years or more, who are under no legal disability, are capable of contracting and are of full age for all purposes." "Although the obligation of support may continue beyond the age of majority, *see* R.C. 3103.031, court control over parenting time does not." *In re S.S.*, 2016-Ohio-7328, ¶ 8 (2d Dist.). "Judicial control over parenting time terminates when a child reaches the age of majority." *Sullivan v. Sullivan*, 2020-Ohio-5036, ¶ 17 (2d Dist.), citing *S.S.* at ¶ 8. "And because the purpose of a civil contempt motion is to compel compliance with the court's order rather than to punish disobedience, when compliance becomes moot, the contempt proceeding is also moot." *Robinette v. Bryant*, 2015-Ohio-119, ¶ 47 (4th Dist.). It is for S.S. to decide if and when she spends time with Father.

{¶ 14} To the extent that Father seeks reimbursement for child support payments made during the pendency of his motions, Father failed to provide a transcript for the trial court to review. "Litigants who choose to proceed pro se are presumed to know the law and correct procedure, and are held to the same standards as other litigants." *Yocum v. Means*,

2002-Ohio-3803, ¶ 20 (2d Dist.), citing *Kilroy v. B.H. Lakeshore Co.*, 111 Ohio App.3d 357, 363 (8th Dist. 1996). In the absence of a transcript before the trial court when it considered Father's objections, we must presume regularity and affirm the trial court's decision not to modify Father's child support obligation. *Rajkumari v. Damke*, 2024-Ohio-483, ¶ 8 (2d Dist.). For these reasons, Father's first, second, third, and fourth assignments of error are overruled.

II.

{¶ 15} We next address Father's sixth assignment of error, wherein he argues that the trial court erred in ordering an accounting regarding medical expenses rather than determining "a sum certain owed." After reviewing the testimony of the parties, the magistrate determined as follows: "Clearly, the children incurred medical expenses. It is unclear what was paid and when for these medical expenses. Further, Father never testified what he believes is owed. Mother testified that she sent him payments but did not produce evidence of these payments." The magistrate ordered the parties to perform an accounting, and the trial court dismissed Father's motion regarding medical expenses without prejudice.

{¶ 16} The Ohio Constitution limits appellate courts' jurisdiction "to the review of final judgments or orders of lower courts." *Ward v. Summa Health Sys.*, 2009-Ohio-4859, ¶ 7 (9th Dist.), citing Ohio Const., art. IV, § 3(B)(2). A dismissal without prejudice is not a final, appealable order "because it is not an adjudication on the merits and does not prevent the party from refiling." *Martin v. Ohio Univ.*, 2023-Ohio-2511, ¶ 20 (4th Dist.), citing *State ex rel. DeDonno v. Mason*, 2011-Ohio-1445, ¶ 2. Put differently, "'a dismissal without prejudice leaves the parties in the same position they were in prior to the action being filed; the action is treated as though it had never been commenced.'" *Vaught v. Pollack*, 2016-Ohio-4963, ¶ 21 (8th Dist.), quoting *Selman v. Crestview Nursing & Rehab. Ctr., Inc*. 2009-Ohio-5078,

¶ 2 (7th Dist.) Here, the dismissal without prejudice preserved Father's ability to refile his claim for medical expenses. For the foregoing reasons, we lack jurisdiction to review the issue of medical expenses, and Father's sixth assignment of error is overruled.

III.

{¶ 17} Finally, we address Father's fifth and seventh assignments of error. His fifth assignment of error states that the trial court enforced his "financial obligations (including administrative fees) while dismissing [his] enforcement and contempt motions with prejudice and excusing [Mother's] noncompliance with reunification measures," and he seeks "remand with instructions for the trial court to meaningfully enforce [Mother's] obligations and to ensure enforcement is evenhanded." In his seventh assignment of error, Father argues that in striking his self-prepared transcript and adopting the magistrate's decision, the court erroneously failed to address his "legal objections."

{¶ 18} As noted above, Father's March 2025 motion related to parenting time and medical expenses. These final assigned errors are somewhat vague. To the extent that they relate to parenting time, the issue is moot, and to the extent that they relate to medical expenses, we lack jurisdiction over the issue. Father's fifth and seventh assigned errors are overruled.

**Conclusion**

{¶ 19} Because S.S. turned 18, Father's argument regarding parenting time is moot as there is no relief we can provide. As to Father's argument regarding child support, in the absence of a transcript before the trial court, we must presume regularity and affirm. The dismissal without prejudice of Father's motion regarding medical expenses preserved his right to refile his claim for the expenses, and in the absence of a final, appealable order, we

7

lack jurisdiction over the issue. Having overruled all of Father's assignments of error, the trial court's judgment is affirmed.

. . . . . . . . . . . . .

LEWIS, P.J., and EPLEY, J., concur.